### Elizabeth Bedford, Appellant, v. William T. Harrison, Appellee.

### Gen. No. 5413.

1. EXECUTIONS—*qualifications of persons appointed to determine value of homestead.* Notwithstanding the statute does not specifically so provide the fair conclusion from the language thereof is that persons appointed to determine the value of a homestead estate should be capable of acting in a fair and impartial manner.

2. EXECUTIONS—*when appraisement of value of homestead set aside.* If an appraisement of homestead estate be made by persons not qualified to act fairly such appraisement may be set aside upon petition to the court having jurisdiction over the execution.

Appeal from the Circuit Court of Lee county; the Hon. R. S. FARRAND, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded with directions. Opinion filed March 16, 1911.

TRUSDELL, SMITH & LEECH, for appellant.

WOOSTER & EDWARDS, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

In May, 1907, Elizabeth Bedford secured a judgment in the Circuit Court of Lee county against William T. Harrison in the sum of $9,896.74, from which he took no appeal. Up to February, 1910, less than $1,500 had been paid on that judgment and, on the 11th day of that month, a decree was entered in the same court in a chancery proceeding then pending in favor of the said Elizabeth Bedford and against the said William T. Harrison and others, as defendants, wherein and whereby a certain deed of conveyance from said Harrison and wife to one Purdy was set aside, vacated and declared null and of no effect as against the said Elizabeth Bedford. The decree further authorized the said Elizabeth Bedford to cause a writ of *fieri facias* to be issued and levied upon the real estate described in said deed, for the payment and satisfaction of the judgment secured against Harrison in 1907. On February 12, 1910, Elizabeth Bedford caused a writ of *fieri facias* upon said judgment to be issued and placed in the hands of the sheriff of Lee county for levy. The premises were occupied by Harrison as a homestead, and the sheriff thereupon appointed John P. Harvey, W. P. Long and P. W. Mason as appraisers, under section 10 of chapter 52 of the Revised Statutes, for the purpose of determining the value of the property. The said appraisers fixed the value at $1,400. Thereupon Elizabeth Bedford, the plaintiff in execution, petitioned the court to set aside said appraisement on the ground that the appraisers were not impartial and disinterested, that the appraisal was unjust, and that the property was worth very much more than the appraisement. There was a hearing on this petition, the motion to set aside the appraisement was denied, and plaintiff in execution appeals therefrom.

Although the section of the statute which refers to the appointment of appraisers by the officer holding

the execution does not expressly state that such appointees shall be persons capable of acting in a fair and impartial manner in their appraisal of the property in question, yet we deem it an entirely just conclusion that both parties to an execution are entitled to have appraisers who are fair and impartial, and we consider the main question to be determined here is whether or not John P. Harvey, W. P. Long and P. W. Mason were such fair and impartial appraisers. Considerable evidence was presented pro and con, as to the value of the premises in question, but it need be considered here only indirectly, as the lower court could not, on this petition, make a new appraisal. Of the three appraisers so chosen by the sheriff of Lee county, John P. Harvey was a client of the attorney for the defendant in the execution and had employed that attorney whenever he had needed legal assistance for the past twenty years. In fact, such attorney was then acting for Harvey in a chancery proceeding then pending in the same court. P. W. Mason though not a lawyer, had been engaged in the practice of law before justices of the peace for a number of years and had been associated with the attorney for the defendant in execution in the trial of many different cases. The relations between Mason and the attorney for defendant in execution were so friendly that said attorney had frequently asked permission of opposing counsel in trials in the Circuit Court to have Mason engage in the conduct of such trials with him. Mason had been prosecuted on a criminal charge and had been defended by the attorney for defendant in execution. Besides that, Mason had rendered services in this very proceeding, for which he had been paid by appellee. W. P. Long, the third appraiser, had known appellee for twenty years and had frequently employed Mason in the buying of stock. It seems clear to us that two, at least, of these appraisers were so intimately connected with appellee or his counsel that they

should not have been called upon to act in that capacity. Besides, the evidence somewhat strongly tends to show that the property in question was in reality worth from $2,000 to $2,500 and appellant offered to bid $2,500 for it at the execution sale. Section 11 of chapter 52 of the Revised Statutes provides that the debtor or some one of his family shall have notice of the appraisement and that, unless the debtor shall pay the surplus over and above the sum of $1,000, the premises may be sold after sixty days. It is therefore very important to appellant that the appraisement be made by appraisers who are absolutely disinterested and impartial, for if the present appraisal be allowed to stand, the appellee can retain possession of the premises by paying the sum of $400 and if the premises are in reality worth $2,500 appellant will thereby be defrauded of $1,100.

At the time of this appraisal appellee was a deputy sheriff and, under section 7 of chapter 31 of the Revised Statutes, appellant could have had the execution directed to the coroner of the county and the difficulty here arising would not have occurred. But, as appellant went to the sheriff with her execution, it was doubly important to her that fair and impartial appraisers should be selected. We do not consider that the sheriff performed his duty in this respect, and we feel that, irrespective of the real value of the property, the appraisement was unjust to appellant. The order of the lower court will therefore be reversed and the cause remanded with directions to the court below to enter an order setting aside the appraisement.

*Reversed and remanded with directions.*